**Original filed 9/30/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORMAN BROWN, | ) | No. C 06-2286 JF (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| A.K. SCRIBNER, Associate Warden, | ) ) | |
| Respondent. | ) ) | |

     Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause as to why the petition should not be granted.

## STATEMENT

     An Alameda Superior Court jury convicted Petitioner of kidnapping to commit rape and assault to commit rape with the personal use of a weapon. On August 20, 2004, Petitioner was sentenced to state prison. Petitioner is currently serving his sentence at Corcoran State Prison. Petitioner appealed his conviction. The state appellate court affirmed the judgment in 2005. The state supreme court denied a petition for review in 2005. The instant federal habeas petition was filed on March 30, 2006.

**DISCUSSION**

A.      Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.      Petitioner's Claims

Petitioner alleges the following claims for federal habeas relief: (1) his conviction for kidnapping with intent to commit rape must be reversed because the court's instructions during deliberations on that offense violated his constitutional right to due process and to be tried by twelve impartial jurors; (2) the kidnapping to commit rape charge in count one violated his federal and state constitutional right to due process and must be reversed because the evidence was insufficient to sustain the conviction; (3) the admission of evidence of a 1999 assault incident under [California Evidence Code] sections 1108, 1101(b) with testimony of the complaining witness violated his constitutional right to confrontation and to a fair trial and requires reversal of his conviction; and (4) the trial court's exclusion of evidence of the extensive criminal record of the complaining witness in the 1999 assault incident violated his constitutional right and requires reversal. Liberally construed, Petitioner's claims are sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

\\\
\\\
\\\
\\\

**CONCLUSION**

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving a copy on Respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 9/30/06

JEREMY FOGEL
United States District Judge

1  A copy of this order was mailed to the following:

3  Norman Brown
   V-52342
4  Corcoran State Prison
   P.O. Box 3466
5  Corcoran, CA  93212

7  California State Attorney General's Office
   455 Golden Gate Avenue
8  Suite 11000
   San Francisco, CA  94102-7004

Order to Show Cause
P:\pro-se\sj.jf\hc.06 \Brown286osc            4